IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 2:20-CV-1165-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. JENNINGS, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) J. Jennings, the procurement officer; (2) A. Lane, associate warden; (3) Jason M. Pickett, warden; (4) J. Madsen, prison canteen manager; (5) Pierson; (6) M. Brown; and (7) Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that the events outlined in the complaint took place at High Desert State Prison (HDSP). See ECF No. 1, pg. 1.

Plaintiff alleges that, on March 29, 2019, Defendants Pierson and Brown would not allow Plaintiff to receive three photos of young men wearing diapers. See id. at 5. According to Plaintiff, the photos were described as depictions "of boys who appear to be minors and/or under 18 wearing diapers" and deemed contraband pursuant to Title 15 of the California Code of Regulations, § 3006. See id. at 5, 7. Plaintiff states he appealed the decision. See id. at 5. Plaintiff claims the first-level appeal was denied by Defendant Madsen but the denial decision was signed by Defendant Lane. See id. Plaintiff alleges that, in doing so, Defendant Lane cited the incorrect regulation. See id. Plaintiff states that Defendant Pickett denied his appeal at the second level. See id. According to Plaintiff, he suffered retaliation as a result of filing his grievances concerning the photos, and cites to another pending case, Bland v. Cox, et al., 2:20-CV-0715-DMC. See id. Plaintiff asserts the foregoing conduct resulted in a loss of property, loss of funds, loss of stamps, and denial of due process. See id.

Next, without referencing any named defendants, Plaintiff asserts that he sent his appeal to the Chief of Inmate Appeals in Sacramento, California, for a third-level review. See id. at 6. Plaintiff states that the third-level appeal was rejected as untimely. See id. According to Plaintiff, this conduct resulted in the denial of due process. See id.

2

1         Finally, Plaintiff names Defendant Diaz and other "high-ranking subordinates and public servants," claiming the CDCR regulations related to contraband are unconstitutional. See id. at 7-8. Plaintiff states that he is a gay man who has a sexual attraction to "twinks wearing diapers," and that he has received such photos since 2015 without incident. See id. at 7. According to Plaintiff, the United States Supreme Court has disallowed state regulations of materials which merely "appear to be" or "conveyed the impression" that the materials related to inappropriate depictions of minors. See id. Plaintiff does not cite any specific case or cases. Plaintiff claims a violation of his First Amendment right to free speech. See id.

## II. DISCUSSION

        Some content-based regulation of incoming materials is permissible in the prison setting. See McCabe v. Arave, 827 F.2d 634 (9th Cir. 1987). For example, the Ninth Circuit has affirmed censorship of materials from the North American Man/Boy Love Association. See Harper v. Wallingford, 877 F.2d 728 (9th Cir. 1989). The prison may also, in some instances, prohibit sexually explicit materials, see Frost v. Symington, 197 F.3d 348 (9th Cir. 1999), the prison may not prohibit receipt of *Hustler* when it allows receipt of *Playboy,* see Pepperling v. Crist, 678 F.2d 787 (9th Cir. 1982). Nor may the prison prohibit materials which merely advocate homosexual activity. See Harper, 877 F.2d at 733. Under these principles, and without knowing more about the specific materials at issue in this case, and construing Plaintiff's complaint liberally and in his favor, it is conceivable that Plaintiff states a cognizable First Amendment claim against Defendants Pierson and Brown.

        The Court, however, finds flaws with Plaintiff's complaint as to the remaining defendants and potential claims. First, Plaintiff cannot state a cognizable claim against Defendants Jennings, Lane, Madsen, or Pickett related to processing of his grievances. Second, Plaintiff has not alleged sufficient facts to establish supervisory liability as against Defendants Diaz, Lane, or Pickett.

/ / /

/ / /

### A. Grievance Process

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Here, it is not clear whether Plaintiff alleges the failure to properly process his grievances or interference with the grievance process. Plaintiff will be provided leave to amend to clarify his allegations in this regard.

### B. Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government

officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

While Plaintiff names various supervisory personnel as defendants, he has not specifically alleged what conduct they took to contribute to a constitutional violation. Nor has Plaintiff alleged the existence or implementation of a policy which contributed to a constitutional violation. Plaintiff will also be provided an opportunity to amend to allege further facts relating to supervisory defendants.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.
///

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: July 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE