IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERSON, et al.,<br><br>    Defendants. | No.  2:20-CV-01165-DAD-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, request for judicial notice, and motion for order compelling discovery.  ECF Nos. 46, 53.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff contends that the appointment of counsel is warranted because (1) he is unable to afford counsel; (2) his incarceration will "greatly limit" his ability to litigate, the issues are complex and will require significant research and investigation, for which he has limited knowledge and access to the law library; (3) a trial will likely involve conflicting testimony where counsel would be better able to perform; and (4) Plaintiff has been unsuccessful in his efforts to obtain counsel.  See ECF Nos. 46, 53.  Defendants argue that none of these allegations establish exceptional circumstances as required, ECF No. 48, pg. 2; and the Court agrees.

Plaintiff's stated circumstances are common to almost all prisoners and, as such, none are extraordinary and substantiate the need for appointment of counsel.  The Court recognizes the unique difficulties of litigating from prison.  Plaintiff's inability to afford or obtain counsel, however, is an occurrence that is shared with most litigants who represent themselves *in forma pauperis*; as such, this is not deemed to be an exceptional circumstance warranting special consideration for appointment of counsel.  There is no doubt that limitations on prisoners' abilities to investigate their case, prepare for witness testimony, and present evidence hinders seamless trial practice.  Plaintiff's inability to investigate his case and prepare for trial as easily as he would like is a circumstance attendant to his own incarceration and that of numerous other similarly situated prisoners and does not establish extraordinary circumstances in this instance.

With respect to Plaintiff's argument that the issues are complex and will require significant research, for which he has limited knowledge and access to the law library, the docket shows numerous examples where Plaintiff has demonstrated an ability, through sufficient writing and legal knowledge, to articulate his claims on his own.  The Court notes that Plaintiff himself

2

proclaims that he works as a "free 'jailhouse lawyer'" and that he has "20+ years of self-taught interpretation and understanding of constitutional law . . . ." ECF No. 50, pg. 2.  Such articulation and knowledge do not support a finding that exceptional circumstances exist to warrant the appointment of counsel.

Finally, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff states that "[t]he Court had already determined that CDCR had indeed violated Pltf.'s First Amendment rights to freedom of speech and expression, which it continues still to present date." ECF No. 53, pg. 2.  On July 23, 2021, the Court issued an order addressing the sufficiency of Plaintiff's original complaint.  See ECF No. 10.  The Court found that it was "conceivable that Plaintiff states a cognizable First Amendment claim against Defendants Pierson and Brown." ECF No. 10, pg. 3; see also ECF No. 13, pg. 1 ("The Court concluded that the original complaint state[d] cognizable First Amendment claims against Defendants Pierson and Brown.").  Making a preliminary screening determination that Plaintiff plead sufficient facts to state a claim against Defendants to avoid dismissal differs from a decision on the merits that Defendants violated Plaintiff's Constitutional rights to freedom of speech and expression.  See 28 U.S.C §1915A(b)(1) (providing that a court must dismiss a complaint or portion thereof if it fails to state a claim upon which relief can be granted).

Here, the Court has merely screened Plaintiff's complaint as statutorily required. As of this date, the Court has not issued any decisions on the merits in this matter.  On August 15, 2022, Plaintiff filed a Motion for Summary Judgment and Request for Judicial Notice, ECF No. 47, and on August 31, 2022, Defendants filed a motion for 21-day extension of time in which to respond to Plaintiff's motion, ECF No. 52.  As the Court has not been fully briefed on the issues, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits at this time.

Therefore, because (1) Plaintiff's stated circumstances are neither uncommon nor extraordinary, (2) Plaintiff's filings reflect sufficient writing and legal knowledge to articulate his claims on his own, and (3) Plaintiff has not demonstrated a likelihood of success on the merits, the Court cannot grant Plaintiff's motion.

1  With respect to Plaintiff's request for judicial notice of <u>Armstrong v. Newsom</u>, N.D. Cal., Case No. 4:94-cv-02307-CW, ECF No. 53, pg. 2, the Court declines to take notice as requested.  As cited by Plaintiff, the Court is unable to identify the document which Plaintiff would like the Court to judicially notice.  <u>Id.</u>

Pursuant to Federal Rule of Evidence 201, a court may properly take judicial notice of matters in the public record and "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo</u>, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted).  However, if a court does take judicial notice of a document, those facts judicially noticed must be specified.  <u>Joshua Bland v. D. Moffett</u>, No. 119CV01750JLTSKOPC, 2022 WL 4072861, at *3 (E.D. Cal. Sept. 2, 2022).  Additionally, "it is not the Court's job to review the docket in an unrelated action to find what Plaintiff has failed to identify."  <u>Id.</u>

Here, Plaintiff does not identify with any specificity which order in <u>Armstrong v. Newsom</u>, N.D. Cal., Case No. 4:94-cv-02307-CW he would like judicially noticed and the Court cannot guess as to what the Plaintiff is referencing.  Likewise, it is not clear whether the facts with which Plaintiff would like judicially noticed have a direct relation to the matter at issue.

Therefore, Plaintiff's request for judicial notice as to <u>Armstrong</u>, without more, does not advance his argument that exceptional circumstances exist that warrant appointment of counsel in this case.

Plaintiff also seeks an order compelling Defendants M. Pierson and M. Brown to produce for inspection and copying certain documents detailed therein.  <u>See</u> ECF No. 53, pg. 3.  In support of his request, Plaintiff states that he submitted a written request for the documents to Defendants on August 13, 2022, but that Defendants have refused to comply or produce the discovery requested.  <u>Id.</u>; <u>see also</u> ECF No. 49 (declaring that requests for production were served on Defendants on August 14, 2022).

/ / /

/ / /

Plaintiff's motion for an order compelling discovery is denied because the discovery cut-off deadline was July 25, 2022.  ECF No. 27, pg. 2 at ¶ 6 ("The parties may conduct discovery until July 25, 2022.").  Since Plaintiff served discovery on Defendants after July 25, 2022, those requests are untimely.  The Scheduling Order also provides that "all requests for discovery . . . shall be served by such time as will allow responses thereto by this discovery cut-off date."  Id.  Therefore, since Plaintiff states in his motion that he served the discovery to Defendants on August 13, 2022, service is untimely as it occurred after July 25, 2022, the discovery cut-off date.  Thus, no response is required from Defendants and Plaintiff's motion for an order compelling discovery from Defendants M. Pierson and M. Brown is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 46 is denied.
2. Plaintiff's request for judicial notice, ECF No. 53 is denied.
3. Plaintiff's request for an order compelling discovery, ECF No. 53 is denied.

Dated:  September 12, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE