1
2
3
4
5
6
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSHUA D. BLAND,                        No.  2:20-CV-1165-DAD-DMC-P

12                Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   M. PIERSON, et al.,

15                Defendants.

16

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court are the following:

19            ECF No. 47    Plaintiff's motions for summary judgment, constitutional
                            challenge, enjoinment, expungement, and request for
20                          judicial notice.

21            ECF No. 60    Defendants' opposition.

22            ECF No. 62    Plaintiff's objections to Defendants' opposition, construed
                            as Plaintiff's reply.
23
              ECF No. 63    Defendants' motion for summary judgment
24
              ECF No. 64    Plaintiff's opposition.
25
              ECF No. 70    Defendants' reply.
26

27   / / /

28   / / /

1

Plaintiff submitted a number of other filings which appear to also respond to Defendants' motion for summary judgment.  These motions and the parties' related filings in response and support are as follows:

| ECF No. 65 | Plaintiff's motion to substitute and for discovery. |
| ECF No. 68 | Defendants' opposition to Plaintiff's motion to substitute and for discovery. |
| ECF No. 69 | Plaintiff's motion for consideration. |
| ECF No. 72 | Plaintiff's reply. |
| ECF No. 75 | Plaintiff's request for judicial notice. |
| ECF No. 76 | Defendants' opposition to Plaintiff's motion for consideration. |
| ECF No. 77 | Defendants' opposition to Plaintiff's request for judicial notice. |
| ECF No. 78 | Plaintiff's notice regarding photographs. |
| ECF No. 79 | Plaintiff's supplement to his opposition. |
| ECF No. 81 | Plaintiff's addendum to his opposition. |

The Court considers these filings as the parties' briefing on cross-motions for summary judgment.[1]

Also before the Court are Defendants' motion to revoke Plaintiff's in forma pauperis status, ECF No. 28, and Defendants' motion for ruling thereon, ECF No. 86.

## I. BACKGROUND

### A.   Procedural History

Upon screening of Plaintiff's original complaint, the Court permitted Plaintiff an opportunity to file a first amended complaint or proceed on claims in the original complaint identified as cognizable. See ECF No. 10, pg. 6.  In response, Plaintiff filed a "Notice to and Consent with the Court's Order" stating that Plaintiff declines to amend the original complaint,

---

[1]   Defendants' motions to strike various of Plaintiff's filings as improper sur-replies have been denied.  See ECF No. 84.

1   choosing instead to move forward with the cognizable claims identified in the Court's screening

2   order. See ECF No. 11, pg. 1. The Court construed Plaintiff's filing as a notice of voluntary

3   dismissal of Defendants Jennings, Lane, Madsen, Pickett, and Diaz and of all claims except

4   Plaintiff's First Amendment claims against Defendants Pierson and Brown. See ECF No. 13, pg.

5   2. Defendants were served and filed an answer.

6        On January 21, 2022, the Court issued a discovery and scheduling order for this

7   case. See ECF No. 27. Following the close of discovery on July 25, 2022, the parties filed the

8   currently pending cross-motions for summary judgment. See ECF Nos. 47 and 63.

9        **B.**    **Plaintiff's Allegations**

10        Plaintiff alleges that the relevant events took place at High Desert State Prison

11   (HDSP). See ECF No. 1, pg. 1. According to Plaintiff, on March 29, 2019, Defendants Pierson

12   and Brown would not allow Plaintiff to receive three photos of young men wearing diapers. See

13   id. at 5. According to Plaintiff, the photos were disallowed because they were described as

14   depictions "of boys who appear to be minors and/or under 18 wearing diapers" and deemed

15   contraband pursuant to Title 15 of the California Code of Regulations, § 3006. See id. at 5, 7.

16        Plaintiff states that he is a gay man who has a sexual attraction to "twinks wearing

17   diapers" and that he has received such photos at other prisons since 2015 without incident. See id.

18   at 7. According to Plaintiff, the United States Supreme Court has disallowed state regulations of

19   materials which merely "appear to be" or "conveyed the impression" that the materials related to

20   inappropriate depictions of minors. See id. Plaintiff claims a violation of his First Amendment

21   right to free speech. See id.

22

23        **II.  THE PARTIES' EVIDENCE**

24        Plaintiff's motion for summary judgment consists of seven pages and is not

25   accompanied by a separate statement of undisputed facts or any evidence. See ECF No. 47.

26   Nonetheless, the Court considers Plaintiff's various filings outlined above in response to

27   Defendants' motion for summary judgment. Because Defendants' motion is properly presented

28   under the rules, the Court discusses Defendants' evidence first and discusses Plaintiff's evidence

3

1    in the context of opposition to Defendants' evidence.

2       A.    **Defendants' Evidence**

3           Defendants' motion for summary judgment is supported by a separate statement of

4    undisputed facts, ECF No. 63-2, as well as the following:

5           ECF No. 63-3          Declaration of defense counsel.

6           ECF No. 63-4          Exhibit A to declaration of defense counsel.

7           ECF No. 63-7          Declaration of M. Brown.

8           ECF No. 63-8          Exhibit A to declaration of M. Brown.

9           ECF No. 63-9          Declaration of M. Pierson.

10          ECF No. 63-10         Declaration of K. Grether.

11   Defendants have also lodged the transcript of Plaintiff's deposition.  See ECF No 63-11.

12          Exhibit A to the declaration of defense counsel consists of portions of the

13   transcript of Plaintiff's June 27, 2022, deposition and Exhibit D attached thereto which, in turn,

14   consists of a CDCR Form 1819 Notice of Disapproval for Mail/Packages/Publications.  See ECF

15   No. 63-4.  Exhibit A to Defendant Brown's declaration also consist of the same CDCR Form

16   1819 Notice of Disapproval for Mail/Packages/Publications.  See ECF No. 63-8.

17          According to Defendants, the following facts are not in dispute:

18          1.      Plaintiff Joshua D. Bland is an inmate who was housed at
     High Desert State Prison from February 7 to July 16, 2019. On June 10,
19   2020, Bland filed his Complaint, and alleged that Defendants Captain M.
     Brown and Office Assistant M. Pierson prevented him from receiving
20   three photos of "twinks" wearing diapers, indicating that such photos
     violated section 3006(3)(15)(a) of Title 15.
21
            2.      Bland defines "twinks" as "gay males between the ages of
22   18 and 24 that look adolescent, but they are of age."

23          3.      Bland is in prison for possession of child pornography.[2]

24          4.      On March 29, 2019, a mailroom employee discovered three
     photos of what appeared to be minors in diapers and posing in a sexual
25   manner.

26   _____

27       [2]    Plaintiff's conviction offense would not typically be relevant in a conditions-of-
     confinement case.  For the reasons discussed here, however, the Court finds that it is relevant in
28   this case and, as such, notes the fact here.

5.      Assistant Pierson reviewed the photos and determined that due to the nature of the photos, they were not appropriate for distribution to Bland because they constituted contraband under section 3006(c)(15)(A).

6.      Assistant Pierson referred the photos to her acting supervisor and to Joe Shelton, the supervisor of mailroom and business services.

7.      The photos were then referred to Captain Brown for his review.

8.      Also on March 29, 2019, Assistant Pierson completed the CDCR 1819 form, Notification of Disapproval for Mail/Packages/Publications, which is issued to inmates when mail addressed to them is disallowed.

9.      Assistant Pierson forwarded the form to Captain Brown, who was assigned to Facility D.

10.      Captain Brown did not see the photos at issue.

11.      Captain Brown's name appeared on the CDCR 1819 form that was sent to Bland on April 3, 2019, because Captain Brown was assigned to Facility D.

12.      Captain Brown did not sign this form.

13.      Captain Grether viewed the photos, which depicted young boys approximately 12 to 13 years old who were wearing only diapers and posing in a provocative manner.

14.      Captain Grether determined that the photos were not appropriate for distribution to Bland because they constituted contraband under section 3006(c)(15)(A) of Title 15 of the California Code of Regulations.

15.      CDCR has banned sexually explicit material, such as the photos at issue, because inmates would possibly engage in sexual conduct directly in front of staff members, and possession of materials appealing to sex offenders may expose them to violence.

16.      Also, if other inmates knew sex offenders were allowed to possess pornographic material including minors, such inmates may react violently.

17.      On April 3, 2019, Captain Grether issued the CDCR 1819 form to Bland.

18.      To the best of Captain Grether's recollection, Captain Grether signed the form on Captain Brown's behalf because Captain Brown was unavailable.

19.      Neither Assistant Pierson nor Captain Brown spoke with Bland about the photos at issue.

5

1

20.      Assistant Pierson did not speak with Captain Brown about

2      the photos at issue.

3      See ECF No. 63-2, pgs. 1-3.

4      **B.      <u>Plaintiff's Evidence</u>**

5      In connection with the pending cross-motions for summary judgment, Plaintiff has

6      filed the following:

7                           ECF No. 47    Plaintiff's motions for summary judgment, constitutional
                                          challenge, enjoinment, expungement, and request for
8                                         judicial notice.

9                           ECF No. 62    Plaintiff's objections to Defendants' opposition, construed
                                          as Plaintiff's reply.
10
                            ECF No. 64    Plaintiff's opposition to Defendants' motion for summary
11                                        judgment.

12                          ECF No. 65    Plaintiff's motion to substitute and for discovery.

13                          ECF No. 69    Plaintiff's motion for consideration.

14                          ECF No. 72    Plaintiff's reply.

15                          ECF No. 75    Plaintiff's request for judicial notice.

16                          ECF No. 78    Plaintiff's notice regarding photographs.

17                          ECF No. 79    Plaintiff's supplement to his opposition.

18                          ECF No. 81    Plaintiff's addendum to his opposition.

19      The Court has considered each of Plaintiff's relevant filings and any

20      documentation or exhibits attached thereto.

21

22      **III. DISCUSSION**

23      The Court herein addresses the parties cross-motions for summary judgment and

24      related filings.  For the reasons discussed below, the Court finds that the Plaintiff's motion for

25      summary judgment should be denied, Defendants' motion for summary judgment should be

26      granted, and that all other pending motions should be denied as moot.

27      / / /

28      / / /

6

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

7

1   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the

2   claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions

3   of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

4            In resolving the summary judgment motion, the Court examines the pleadings,

5   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

6   See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,

7   477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

8   court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.

9   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

10  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

11  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

12  1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the

13  judge, not whether there is literally no evidence, but whether there is any upon which a jury could

14  properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

15  imposed." Anderson, 477 U.S. at 251.

16           In their cross-motions for summary judgment, the parties argue that they are

17  entitled to judgment as a matter of law in their favor on Plaintiff's First Amendment claim.  See

18  ECF Nos. 47 and 63. At issue is Plaintiff's claim that Defendants violated his First Amendment

19  right to free speech by denying him access to materials and/or publications depicting "twinks

20  wearing diapers."  Before the Court now are the parties' arguments and evidence testing whether

21  a trial on the merits of this claim is required.  Each side contends the Court should enter judgment

22  in their favor as a matter of law because the evidence is undisputed.  For the reasons discussed

23  below, the Court finds that both parties' requests for summary judgment should be denied.

24           To prevail on his motion for summary judgment, Plaintiff must show that the

25  undisputed evidence establishes each element of his claim.  Defendants argue in their motion for

26  summary judgment that Plaintiff cannot do so for the following reasons: (1) Plaintiff cannot show

27  that Defendant Brown was involved with the denial of materials and/or publication; and (2)

28  Plaintiff cannot prevail against either defendant because the undisputed evidence establishes a

1    legitimate penological reason justifying denial of materials and/or publications depicting "twinks

2    wearing diapers."  See ECF No. 63-1.

3         A.     **Involvement of Defendant Brown**

4              To sustain a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

5    connection or link between the actions of the named defendants and the alleged deprivations.  See

6    Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

7    person 'subjects' another to the deprivation of a constitutional right, within the meaning of

8    § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

9    an act which he is legally required to do that causes the deprivation of which complaint is made."

10   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

11   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

12   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

13   specific facts as to each individual defendant's causal role in the alleged constitutional

14   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

15             Defendants argue:

16             Captain Brown did not view the photos Bland ordered, nor did he

17        issue the CDCR 1819 form; thus, he did not personally participate in an
          alleged violation of Bland's First Amendment rights and the claim against
          Captain Brown fails.

18
                                 * * *
19

20             Here, although Captain Brown's name appears on the April 3,
          2019 CDCR 1819 form notifying Bland of the disallowance of the photos
21        of "twinks," Captain Brown did not see the photos or sign the form.
          (DSUF, ¶¶ 16-18.)  Thus, Captain Brown did not play any role in
22        withholding the photos from Bland, and he did not personally participate
          in any alleged violation of Bland's First Amendment rights. Therefore,
23        Captain Brown is entitled to summary judgment on that basis.

24        ECF No. 63-1, pgs. 5-6.

25             The Court finds Defendants' argument to be unpersuasive.  More specifically,

26   Defendants' argument is inconsistent.  On the one hand, Defendants content that Captain Brown

27   had no personal involvement in denial of access to the material at issue.  On the other hand,

28   Defendants admit that Captain Brown signed the CDCR Form 1819 which resulted in the denial

                                        9

1   of access to materials at issue.  By signing the form, Captain Brown became personally involved

2   whether he saw the photographs at issue or not.  Based on the evidence submitted by Defendants,

3   the Court rejects the notion that Defendant Brown should escape liability for lack of a sufficient

4   causal link.

5            **B.**     **Merits of Plaintiff's First Amendment Claim**

6            A prison regulation which infringes a First Amendment right "is valid if it is

7   reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 79 (1987);

8   see also Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999) (en banc) (upholding ban on

9   material depicting frontal nudity).  In making this determination, the Court considers the

10  following factors: (1) whether there is a valid, rational connection between the regulation and the

11  interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising

12  the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff,

13  and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the

14  regulation which could be implemented at a minimal cost to legitimate penological interests.  See

15  Turner, 482 U.S. at 89-91; Mauro; 188 F.3d at 1058-59.

16           When considering prison regulations on in-coming publications, "[s]ome content

17  regulation is permissible in the prison context."  McCabe v. Arave, 827 F.2d 634, 638 (9th Cir.

18  1987); Mauro, 188 F.3d at 1059.  In light of concerns of sexual harassment of prison guards,

19  prison officials may prohibit receipt of sexually explicit materials.  See Mauro, 188 F.3d at 1060;

20  see also Frost v. Symington, 197 F.3d 348, 357 (9th Cir. 1999).

21           The Court must apply the foregoing standards to the California prison regulations

22  under which Plaintiff was prohibited from possessing the materials at issue here.  Defendants

23  describe the applicable regulations as follows:

24           Title 15 of the California Code of Regulations mandates that
         mailroom staff inspect non-confidential inmate mail to prevent the entry of
25       contraband into the institution. Cal. Code Regs., tit. 15, § 3134(c)(3).1
         Title 15 defines contraband as "anything which is not permitted, in excess
26       of the maximum quantity permitted, or received or obtained from an
         unauthorized source." Cal. Code Regs., tit. 15, § 3000. Contraband
27       includes obscene material, which is "material taken as a whole, which to
         the average person, applying contemporary statewide standards, appeals to
28       the prurient interest; and is material which taken as a whole, depicts sexual

                                            10

conduct; and which, taken as a whole, lacks serious literary, artistic, political, or scientific value." Cal. Code Regs., tit. 15, § 3006(c)(15)(A). Contraband also includes, in relevant part, materials that appeal to deviant sexual groups or conduct in which one of the participants is a minor and appears to be under 18 years of age. Cal. Code Regs., tit. 15, § 3006(c)(15)(B), (C)(6).

Inmates are not permitted to possess, have in their control, or receive in the mail obscene material. Cal. Code Regs., tit. 15, § 3135(d). When mailroom staff identify a piece of mail that satisfies the definition of obscene material and decide to withhold the mail item, they must send a CDCR 1819 form to the inmate. Cal. Code of Regs., tit. 15, § 3136.

ECF No. 63-1, pgs. 3-4.

Defendants argue the regulations satisfy the <u>Turner</u> factors. According to Defendants:

> These regulations are reasonably related to the legitimate penological interest of preventing inmates from engaging in sexual misconduct against staff and other inmates, promoting rehabilitation of sex offenders and efforts to curb sex-offender recidivism, and protecting sex offenders from potential violence against other inmates. These regulations also provide an alternative means of exercising First Amendment rights because the mailroom staff must screen all mail to determine whether there is any artistic, educational, or scientific merit to the material. See Cal. Code of Regs., tit. 15, § 3006(c)(15)(A), 3143(c)(3).
>
> Furthermore, the regulations consider the impact that accommodating Bland's alleged right to possess the material would have on staff and other inmates. CDCR banned sexually explicit material because inmates would possibly engage in sexual conduct directly before staff members, and possession of materials appealing to sex offenders may expose them to violence. (DSUF, ¶ 15.) If other inmates knew sex offenders were allowed to possess pornographic material including the portrayal of minors, the inmates may react violently toward the sex offender. (Id., ¶ 16.) This is particularly important here, given that Bland is currently incarcerated for possession of child pornography. (Id., ¶ 3.) Therefore, CDCR's regulations and their application to Bland satisfy the Turner factors, and Bland has not suffered any violation of the First Amendment.

ECF No. 63-1, pg. 8-9.

The Court is aware of no cases which hold that the regulations at issue violate the First Amendment, and the Court is satisfied that, on their face, they do not under <u>Turner</u>.

In so finding, the Court rejects Plaintiff's argument that a different standard should apply. Plaintiff argues that "the Supreme Court has held, against, that material that 'appears to be' or 'conveys the impression' that of a minor is indeed protected under the U.S. Constitution as defined in <u>New York v. Ferber</u>, 458 U.S. 747, 765 (1982), and see <u>U.S. v. Sims</u>, 220 F.Supp.2d

11

1  1222 (2002)."  ECF No. 64, pg. 2.  Ferber and Sims are distinguishable.  In both Ferber and Sims,

2  the persons charged with receiving or distributing obscene photographs involving children were

3  not inmates.  Moreover, Ferber and Sims involved depicting and promoting sexual performances

4  by children under age 16.  See Ferber, 458 U.S. 747; Sims, 220 F.Supp.2d 1222. Unlike these

5  case, Plaintiff is an inmate and thus subject to the Turner test which provides that a prison

6  regulation on receiving materials "is valid if it is reasonably related to legitimate penological

7  interests."  Turner, 482 U.S. at 7; see also Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999).

8           The fundamental question in this case is whether, considering only the undisputed

9  evidence, the subject regulations violated Plaintiff's First Amendment rights as applied to his

10 possession of photographs depicting "twinks wearing diapers."  The Court has not been provided

11 with the photographs at issue.

12          Defendants argue that, as applied to the facts of Plaintiff's case, the decision to

13 deny Plaintiff photographs of "twinks wearing diapers" served the legitimate penological interest

14 of protecting Plaintiff from harm.  Under the Eighth Amendment, prison officials have a duty to

15 take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d

16 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Defendants argue that the photos at

17 issue were properly disavowed by Defendants because "Bland is a sex offender and precluding

18 him from possessing obscene mail is reasonably related to the legitimate penological interest of

19 preventing sexual misconduct within the institution, sex-offender recidivism, and potential

20 violence from other inmates." ECF No. 63-1, pg. 6.  This argument, however, is only persuasive

21 if it is undisputed that Plaintiff's possession of photos depicting "twinks wearing diapers" would

22 necessarily subject Plaintiff to harm and if those who would do Plaintiff harm knew he was

23 convicted of a sex offense.  The latter has not been established and the former is discussed below.

24          In the absence of the images in question – which is the focus of many of Plaintiff's

25 filings in response to Defendants' motion – the Court begins its analysis with an inquiry as to

26 what Plaintiff means by "twinks wearing diapers."  In this regard, the allegations in the complaint

27 are instructive and, indeed, the Court will provide Plaintiff the benefit of the doubt and presume

28 these allegations are true.  In the complaint, Plaintiff states that he was denied three photos of

1 "twinks wearing diapers." ECF No. 1, pg. 5.  Plaintiff further states that he had previously been

2 allowed to receive such materials without incident.  See id. at 7.  Plaintiff states that he "is a gay

3 man who has a sexual attraction to twinks wearing diapers."  Id.  Plaintiff's other filings are also

4 instructive.  In these he identifies as "boysexual."  ECF Nos. 65, 81.

5       Given Plaintiff's own terms – "twinks wearing diapers" and "boysexual" –

6 combined with his statement regarding his sexual attraction, the Court finds that there is no

7 dispute as to the subject matter of the photos and it is not necessary to examine these photos to

8 make a determination here as to the propriety of Defendants' actions in restricting this material.

9 Plaintiff's acknowledged sexual interest in the subject matter of the photos triggers the

10 application of the regulatory restrictions on these materials and forms the basis for the action

11 taken by Defendants.  The assorted opposition(s) raised by Plaintiff lacks merit.  The alleged

12 access to such material at other institutions is neither proven no relevant to this determination.

13       Finally, as to the photos at issue – the subject of many of Plaintiff's filings – the

14 Court finds production of these photos is not essential for the Court's determination as the parties

15 are not disputing the subject matter of the photos or the nature of Plaintiff's interest in such

16 photos. There is no contention here that these photos are "art" or the subject of "academic

17 research" or any other application that might take them outside the application of the regulations

18 at issue.  Determination of Defendants' motion for summary judgment does not require such a

19 strained view of the facts before the Court.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1

## IV. CONCLUSION

2          Based on the foregoing, the undersigned recommends as follows:

3          1.      Defendants' motion for summary judgment, ECF No. 63, be GRANTED.

4          2.      Plaintiff's motion for summary judgment, ECF No. 47, be DENIED.

5          3.      All remaining pending motions, ECF Nos. 28, 35, 40, 41, 65, and 69, be

6   DENIED as moot.

7          These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9   after being served with these findings and recommendations, any party may file written objections

10  with the court.  Responses to objections shall be filed within 14 days after service of objections.

11  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

12  Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14  Dated:  July 25, 2023

15                                                        _____
                                                          DENNIS M. COTA
16                                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

14