UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERSON, et al.,<br><br>    Defendants. | No. 2:20-cv-01165-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 28, 35, 40, 41, 47, 63, 65, 69, 86, 88) |

Plaintiff Joshua Davis Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 63) be granted, that plaintiff's motion for summary judgment (Doc. No. 47) be denied, and that all remaining pending motions and requests (Doc. Nos. 28, 35, 40, 41, 65, 69, 86) be denied as having been rendered moot. (Doc. No. 88.) Specifically, the magistrate judge concluded that defendants are entitled to summary judgment in their favor on plaintiff's sole remaining claim in this action in which he alleges that defendants violated his First Amendment right to free speech by not allowing him to possess three photos of "twinks wearing diapers" that had been mailed to him in prison and that defendants determined to be contraband, possession of which was prohibited by prison

1

regulations. (*Id.* at 3–4.) The findings and recommendations found that the prison's regulations prohibiting obscene material, including "materials that appeal to deviant sexual groups or conduct in which one of the participants is a minor and appears to be under 18 years of age," are valid because they are "reasonably related to legitimate penological interests." (*Id.* at 10–11) (citing *Turner v. Safley*, 482 U.S. 78, 79 (1987)). The magistrate judge further explained that defendants did not need to produce the photos at issue in order for the court to find in their favor on plaintiff's claim because plaintiff, by his own terms, identifies as a "boysexual" with a sexual attraction to "twinks wearing diapers," which plaintiff defines as "gay males between the ages of 18 and 24 that look adolescent," and there is no dispute that the photos were of "twinks in diapers," that plaintiff has a sexual interest in such photos, and that plaintiff is in prison serving a sentence following a conviction for possession of child pornography. (*Id.* at 4, 12–13.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 14.) On August 9, 2023, plaintiff filed objections to the findings and recommendations, and on September 12, 2032, defendants filed a response thereto. (Doc. Nos. 90, 93.) Defendants had also filed limited objections of their own on August 3, 2023. (Doc. No. 89.)

In his objections, plaintiff argues that the magistrate judge cannot draw any conclusions in this case without seeing the photographs at issue and that defendants should be required to produce the photographs to the court and to plaintiff as part of this litigation. (Doc. No. 90 at 1–3.) Plaintiff further argues that the photographs are not "explicit" because the men in the photos are not nude; they are wearing diapers. (*Id.* at 1.) In their response to plaintiff's objections, defendants emphasize that production of the photos in this litigation would defeat the prison's penological purpose of withholding the contraband and circumvent the prison's decision to disallow the photos from being distributed to plaintiff based on application of the prison's regulations. (Doc. No. 93.) Defendants also point to the analysis in the findings and recommendations, which stated that "[p]laintiff's acknowledged sexual interest in the subject matter of the photos triggers the application of the regulatory restrictions on these materials and forms the basis for the action taken by [d]efendants." (*Id.* at 5) (citing Doc. No. 88 at 13).

1 | Indeed, the magistrate judge has already addressed and rejected the arguments that plaintiff raises in his objections to the findings and recommendations as those same arguments were raised in plaintiff's motion for summary judgment and his opposition to defendants' motion for summary judgment. Thus, plaintiff's objections provide no persuasive basis upon which to reject the pending findings and recommendations, which the undersigned will adopt.

As for defendants' limited objections to the findings and recommendations, they object only to the extent necessary to correct the record, in the event plaintiff seeks to appeal the judgment in this case. (Doc. No. 89.) Specifically, the findings and recommendations rejected defendants' argument that defendant Brown was not personally involved in disallowing plaintiff from receiving the photos at issue based on a factual finding that defendant Brown had signed the CDCR 1819 form—a form that is issued to inmates when mail addressed to them is disallowed. (*Id.*) However, as defendants correctly point out in their objections, the undisputed facts before the court on summary judgment established that defendant Brown was not the prison official who signed that form; a different correctional captain who was not named as a defendant in this action had signed the form.[1] Accordingly, in adopting the pending findings and recommendations, the undersigned will decline to adopt the portion of the findings and recommendations finding that defendant Brown signed the form and that "[b]y signing the form, [defendant] Captain Brown became personally involved whether he saw the photographs at issue or not." (*See* Doc. No. 88 at 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendants' response thereto, and defendants' limited objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

/////

---

[1] Plaintiff was provided an opportunity to file an amended complaint, and he elected to stand on his original complaint, which did not assert any claims against the prison official who signed the form at issue in this case. (*See* Doc. Nos. 10, 11.)

3

Accordingly:

1. The findings and recommendations issued on July 25, 2023 (Doc. No. 88) are adopted;
2. Plaintiff's motion for summary judgment (Doc. No. 47) is denied;
3. Defendants' motion for summary judgment (Doc. No. 88) is granted;
4. Judgment shall be entered in favor of defendants;
5. The other pending motions and requests (Doc. Nos. 28, 35, 40, 41, 65, 69, and 86) are all denied as having been rendered moot by this order; and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 14, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE